**Q:\US V MITCHELL MOTION TO SUPPRESS.WPD**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 08-10097-PBS |
| ) | |
| WARREN MITCHELL, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

November 14, 2008

Saris, U.S.D.J.

Defendant Warren Mitchell moves to suppress the gun, drugs and other evidence seized from his car, claiming that the stop and search that led to their discovery were unlawful. He also seeks to suppress statements he made subsequently as fruit of the poisonous tree. At an evidentiary hearing on October 21, 2008, the government introduced the testimony of Brian Oppedisano, the case agent with the Bureau of Alcohol, Tobacco and Firearms ("ATF"), Boston Police Officer John Conway, and State Trooper Stephen Johnson. Defendant testified. After hearing, the motion is **DENIED**.

**FINDINGS OF FACT**

An informant told Agent Oppedisano that Mitchell was a marijuana dealer who was in possession of a firearm, a .40 caliber Taurus handgun. The informant had given the ATF reliable information fifteen years earlier. In a previous ATF investigation, in 2002, Mitchell had been suspected of using a

straw purchaser to obtain firearms in Rhode Island.  ATF sought the assistance of the Boston Police Department's Youth Violence Strike Force to corroborate the informant's allegations. To protect the identity of the informant, Agent Oppedisano told Detective Sgt. Fitzgerald to do a "walled-off stop."  This police lingo means that the local police were being instructed to develop their own probable cause for the stop.  Oppedisano told Fitzgerald that the informant had stated that Mitchell would be moving from his residence at 637 Walk Hill Road in Mattapan, his belongings would include marijuana, and he would have a firearm.

As a result of this information, on March 31, 2008, Trooper Johnson began surveillance at Mitchell's house in an unmarked police car.  After staking out his house, Johnson observed Mitchell loading up his car, a blue Jaguar.  Mitchell began to drive away at approximately 8:10 p.m.  Johnson tailed him and observed multiple traffic violations as he drove from the area, including a defective tail light and failure to signal.  At some point earlier during the surveillance, the police had also become aware of a missing front license plate.  Johnson communicated this information to Sergeant Tarantino and Officers Bickerton and Conway, who had been waiting nearby in an unmarked police cruiser.

Tarantino, Bickerton, and Conway subsequently pulled behind Mitchell and eventually pulled Mitchell over near the intersection of Blue Hill Avenue and Fessenden Street.  Johnson also stopped to assist.  While obtaining the defendant's license

and registration, Officer Conway, at the driver's side, noticed the smell of unburnt marijuana and asked Mitchell if he had any "weed" in the car. Mitchell admitted he had a "bag" on him.[1] He was immediately asked to get out of the car and Officer Conway observed a knife attached to his right front pocket; Officer Conway recovered the knife and also a bag of marijuana from Mitchell's right front pocket and placed him under arrest. Entering the car, the officers also smelled marijuana emanating from the back of the car. On the back seat, they found a duffle bag containing a loaded gun and drug paraphernalia including a grinder used to process marijuana. The grinder was in the pocket of the duffle bag.

According to Johnson, there was an even stronger smell of marijuana in the locked trunk. In the trunk, the officers found another duffel bag containing an additional half-pound of marijuana in ziploc plastic bags inside a pillow case. They also found additional drug processing equipment and a loaded magazine. Mitchell was transported to District B-3 in which he gave an interview admitting that the gun and marijuana were his.

## CONCLUSIONS OF LAW

1. The police had probable cause to stop the car for traffic violations: a defective rear brake light; failure to signal; and a missing front license plate. See Whren v. United

---

[1] Mitchell denies he made this statement, but he was not a credible witness. Although he had a large quantity of marijuana in his car, he testified implausibly that he neither smoked nor sold it.

3

States, 517 U.S. 806, 810 (1996).

     2.  Based on the information from the informant, the smell of unburnt marijuana, and, most importantly, the defendant's own admission, the officers had probable cause to believe Mitchell possessed marijuana and to place him under arrest.  Defendant vigorously disputes the police officers' testimony that they could have smelled the marijuana in the passenger compartment emanating from the duffel bag in the trunk.  While that may be true, I find the officers credible that they smelled unburnt marijuana emanating from somewhere in the back of the car.  This was in the police report and both police officers corroborated each other, and there was a grinder with marijuana in the pocket of the duffel bag in the back seat.  Because they had probable cause to arrest him, the officers had the right to ask Mitchell to get out of the car and search him.  See Rawlings v. Kentucky, 448 U.S. 98, 111 (1980) ("Where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.").  Additionally, once the police officers had lawfully pulled Mitchell over for a suspected traffic violation, it was lawful for them to require Mitchell to step out of the car.  United States v. Coplin, 463 F.3d 96, 102 (1st Cir. 2006).  Once he was out of the car, based on the knife visible on his pocket and the credible informant's information, see United States v. Greenburg, 410 F.3d 63, 67 (1st Cir. 2005) ("evidence of the informant's

prior credibility. . . may be all that is needed to establish probable cause"), the officers were justified in believing that Mitchell was armed and dangerous, and they were thus permitted to perform a pat-frisk.  United States v. Romain, 393 F.3d 63, 71 (1st Cir. 2004).

    3.   The search of the passenger compartment of the car was proper because it was incident to his lawful arrest for marijuana possession.  New York v. Belton, 453 U.S. 454, 460 (1981).[2]

**ORDER**

    The motion to suppress (Docket No. 23) is **DENIED**.

                              **/s/ Patti B. Saris**
                              PATTI B. SARIS
                              United States District Judge

---

[2] The parties have not addressed, and the Court makes no ruling on, the legality of the search of Mitchell's trunk.